# IN THE UNITED STATES DISTRICT COURTS
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| PYR ENERGY CORPORATION, )<br>)<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>SAMSON RESOURCES COMPANY AND )<br>SAMSON LONE STAR LIMITED PARTNERSHIP )<br>)<br>    **Defendants** ) | <br><br><br><br><br>CIVIL ACTION NO. 105CV0530<br><br><br>JUDGE CRONE |

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

COMES NOW Samson Resources Company and Samson Lone Star Limited Partnership ("Defendants") and files this their Original Answer to the Plaintiff's Original Complaint and would respectfully show the Court as follows:

I.

1. Defendants are without sufficient information to admit or deny paragraph 1 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 1 of the Plaintiff's Original Petition.

2. Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Original Complaint except that Defendants deny that Samson Lone Star Limited Partnership is a citizen of Texas and demand strict proof thereof.

3. Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Original Complaint.

4. Defendants are without sufficient information to admit or deny paragraph 4 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 4 of the Plaintiff's Original Petition.

5. Defendants are without sufficient information to admit or deny paragraph 5 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 5 of the Plaintiff's Original Petition.

6. Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Original Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Original Complaint but deny that the Certificate of Pooling Authority was filed with the Texas Railroad Commission for the purposed of establishing a unit and demand strict proof thereof.

8. Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Original Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Original Complaint except the Defendants deny the accuracy of the alleged ownership interest and demand strict proof thereof.

10. Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Original Complaint except the Defendants deny the accuracy of the alleged ownership interest and demand strict proof thereof.

11. Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Original Complaint and demand strict proof thereof.

12. Defendants admit the allegations contained in paragraph 12 of the Plaintiff's Original Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Plaintiff's Original Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Plaintiff's Original Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Plaintiff's Original Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Plaintiff's Original Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Original Complaint and demand strict proof thereof.

18. Defendants admit the allegations contained in paragraph 18 of the Plaintiff's Original Complaint, except they deny that Texas Railroad Commission permission or approval was required for the Unit Designation and demand strict proof thereof.

19. Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Original Complaint and demand strict proof thereof.

20. Defendants admit the allegations contained in paragraph 20 of the Plaintiff's Original Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Original Complaint and demand strict proof thereof.

22. Defendants are without sufficient information to admit or deny paragraph 22 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 22 of the Plaintiff's Original Petition.

23. Defendants are without sufficient information to admit or deny paragraph 23 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 23 of the Plaintiff's Original Petition.

24. Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Original Complaint and demand strict proof thereof.

25. Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Original Complaint and demand strict proof thereof.

26. Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Original Complaint and demand strict proof thereof.

27. Defendants admit the allegations contained in paragraph 27 of the Plaintiff's Original Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Plaintiff's Original Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Plaintiff's Original Complaint.

30. Defendants admit the allegations contained in paragraph 30 of the Plaintiff's Original Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Original Complaint and demand strict proof thereof.

32. Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Original Complaint and demand strict proof thereof.

33. Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Original Complaint and demand strict proof thereof.

34. Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Original Complaint and demand strict proof thereof.

35. Defendants deny the allegations contained in paragraph 35 of the Plaintiff's Original Complaint and demand strict proof thereof.

36. Defendants admit that they received the letter-in-lieu of division orders but deny the remainder of the allegations contained in paragraph 36 of the Plaintiff's Original Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Plaintiff's Original Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Original Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in paragraph 39 of the Plaintiff's Original Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in paragraph 40 of the Plaintiff's Original Complaint and demand strict proof thereof.

41. Defendants are without sufficient information to admit or deny paragraph 41 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 41 of the Plaintiff's Original Petition.

42. Defendants are without sufficient information to admit or deny paragraph 42 of the Plaintiff's Original Complaint. To the extent that this answer is insufficient, Defendants deny paragraph 42 of the Plaintiff's Original Petition.

43. Defendants deny the allegations contained in paragraph 43 of the Plaintiff's Original Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in paragraph 44 of the Plaintiff's Original Complaint and demand strict proof thereof.

45. Defendants deny the allegations contained in paragraph 45 of the Plaintiff's Original Complaint and demand strict proof thereof.

46. Defendants admit the allegations contained in paragraph 46 with regard to the fact that the Plaintiff re-alleges and incorporates all of the allegations contained in its Original Complaint but deny the remaining allegations contained in such paragraph and demand strict proof thereof.

47. Defendants deny the allegations contained in paragraph 47 of the Plaintiff's Original Complaint and demand strict proof thereof.

48. Defendants deny the allegations contained in paragraph 48 of the Plaintiff's Original Complaint and demand strict proof thereof.

49. Defendants deny the allegations contained in paragraph 49 of the Plaintiff's Original Complaint and demand strict proof thereof.

50. Defendants admit the allegations contained in paragraph 50 of the Plaintiff's Original Complaint to the extent that they recite that the Plaintiff is seeking an accounting from the Defendants, but deny that Plaintiff is entitled to such relief and demand strict proof thereof.

51. Defendants admit the allegations contained in paragraph 51 with regard to the fact that the Plaintiff re-alleges and incorporates all of the allegations contained in its Original Complaint but deny the remaining allegations contained in such paragraph and demand strict proof thereof.

52. Defendants deny the allegations contained in paragraph 52 of the Plaintiff's Original Complaint and demand strict proof thereof.

53. Defendants deny the allegations contained in paragraph 53 of the Plaintiff's Original Complaint and demand strict proof thereof.

54. Defendants admit the allegations contained in paragraph 54 of the Plaintiff's Original Complaint to the extent that they recite that the Plaintiff is seeking an accounting from the Defendants or a change in the structure of the Sun Fee Sidetrack Unit, but deny that Plaintiff is entitled to such relief and demand strict proof thereof.

55. Defendants admit the allegations contained in paragraph 55 with regard to the fact that the Plaintiff re-alleges and incorporates all of the allegations contained in its Original Complaint but deny the remaining allegations contained in such paragraph and demand strict proof thereof.

56. Defendants deny the allegations contained in paragraph 56 of the Plaintiff's Original Complaint and demand strict proof thereof.

57. Defendants deny the allegations contained in paragraph 57 of the Plaintiff's Original Complaint and demand strict proof thereof.

58. Defendants deny the allegations contained in paragraph 58 of the Plaintiff's Original Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in paragraph 59 of the Plaintiff's Original Complaint and demand strict proof thereof.

60. Defendants admit the allegations contained in paragraph 60 of the Plaintiff's Original Complaint to the extent that they recite that the Plaintiff is seeking an

accounting from the Defendants or a change in the structure of the Sun Fee Sidetrack Unit, but deny that Plaintiff is entitled to such relief and demand strict proof thereof.

61. Defendants admit the allegations contained in paragraph 61 with regard to the fact that the Plaintiff re-alleges and incorporates all of the allegations contained in its Original Complaint but deny the remaining allegations contained in such paragraph and demand strict proof thereof.

62. Defendants deny the allegations contained in paragraph 62 of the Plaintiff's Original Complaint and demand strict proof thereof.

63. Defendants admit the allegations contained in paragraph 63 of the Plaintiff's Original Complaint to the extent that they recite that the Plaintiff is seeking attorney's fees from the Defendants, but deny that Plaintiff is entitled to such relief and demand strict proof thereof.

64. Defendants admit that the Plaintiff has requested a jury in this matter.

## AFFIRMATIVE DEFENSES

65. This action should be dismissed because the Complaint fails to state a cause of action against Defendant upon which relief can be granted.

66. This action should be dismissed, in whole or in part, because the Plaintiff lacks standing to assert some or all of the causes of action asserted.

67. The Plaintiff has failed, in whole or in part, to mitigate its damages.

68. The Plaintiff is estopped from asserting the claims and seeking the relief sought in its Original Complaint.

69. The Plaintiff's claims asserted in its Original Complaint are barred by the affirmative defense of payment.

70. The Plaintiff's claims asserted in its Original Complaint are barred by the affirmative defense of accord and satisfaction.

71. The Plaintiff's claims asserted in its Original Complaint are barred by the affirmative defense of waiver.

72. The Plaintiff's claims asserted in its Original Complaint are barred by the affirmative defense of release.

73. The Plaintiff's have failed to join all necessary parties to this litigation.

## DECLARATORY RELIEF

74. Pursuant to the Federal Declaratory Judgment statute found at 28 U.S.C. § 2201 and the Uniform Declaratory Judgment Act found at § 37.001 et. Seq. of the Texas Civil Practice and Remedies Code, the Defendants request that this Court declare that the Sun Fee Sidetrack Unit was duly authorized and formed pursuant to the Venus-Samson PSA dated June 12, 2003, that all necessary consents were obtained to form the unit, and that such unit was formed in good faith.

## ATTRONEY'S FEES

75. As a result of this matter, the Defendants have been required to employ the undersigned attorneys. Accordingly, the Defendants are entitled to recover and do hereby request an award of their reasonable and necessary attorney's fees based on this action pursuant to Texas Civil Practice and Remedies Code § 37.009.

WHEREFORE, having fully Answered, Defendants pray that their request for declaratory relief be granted, that the Plaintiff's Complaint be dismissed in its entirety, and that Defendants recover their costs and attorneys' fees.

Respectfully submitted,

MEHAFFY & WEBER
Attorney for Samson Resources Company and Samson Lone Star Limited Partnership


By:  /s/ M.C. Carrington
   M. C. Carrington
   State Bar No. 03880800
   Chris Booth
   State bar No. 24011462
   MEHAFFY & WEBER
   Post Office Box 16
   Beaumont, Texas  77704
   Telephone:  409/835-5011
   Telecopier: 409/835-5177


   Dick Watt
   State Bar No. 20977700
   WATT, BECKWORTH, THOMPSON & HENNEMAN, LLP
   1010 Lamar Street, Suite 1600
   Houston, Texas 77002
   Telephone:  713/650-8100
   Telecopier: 713/650-8141


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested and/or regular mail to all counsel of record on this the 29th day of August, 2005.


 /s/ M.C. Carrington
M. C. CARRINGTON