IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

PYR ENERGY CORPORATION,

Plaintiff,

v.  Civil Action No. 1:05-CV-530-MAC

SAMSON RESOURCES COMPANY and
SAMSON LONE STAR LIMITED
  PARTNERSHIP,

Defendants.

## PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff PYR Energy Corporation ("PYR") moves the Court to dismiss Defendants' counterclaim requesting declaratory relief. In the alternative, pursuant to Fed. R. Civ. P. 12(f), PYR requests the Court order Defendants' counterclaim requesting declaratory relief be struck as redundant. In support of this Motion, PYR states as follows:

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

The declaratory judgment requested by Samson goes to the very heart of the issue put to this Court by PYR in its Complaint without any additional basis for declaratory relief. Samson has failed to state a claim upon which relief can be granted because their request for declaratory relief will be resolved in its entirety upon a decision on the merits of PYR's claims and the request for declaratory relief will be rendered moot. Therefore, Samson's request for declaratory relief should be dismissed as a matter of law. In the alternative, because Samson's request for

declaratory relief is redundant, their request for declaratory relief should be struck from their Answer.

## II. AUTHORITIES AND ANALYSIS

### A. The Relief Sought by Defendants' Counterclaim Is Already at Issue in the Case.

On August 1, 2005, PYR brought suit in the Eastern District of Texas against Defendants Samson Resources Company and Samson Lone Star Limited Partnership (referred to collectively as "Samson") alleging breach of contract for failure to timely pay overriding royalty interest and working interest upon payout and to properly pay due to improper and bad faith pooling of the Sun Fee Sidetrack Well; PYR also alleged breach of fiduciary duty due to the pooling of the well. (*See* Original Compl., Civil Action No. 1:05-CV-530MAC.) On August 29, 2005 Samson answered, including a prayer for declaratory relief asking, "that this Court declare that the Sun Fee Sidetrack Unit was duly authorized and formed pursuant to the Venus-Samson PSA dated June 12, 2004, that all necessary consents were obtained to form the unit, and that such unit was formed in good faith." (*See* Defs.' Answer to Pl.'s Original Compl., ¶ 74, Civil Action No. 1:05-CV-530MAC.)

The relief requested by Samson goes to the very heart of the issue put to this Court by PYR in its Complaint, and Samson has failed to provide any additional basis for declaratory relief. In its Complaint, PYR pled as to Samson's lack of authority to pool the Unit and its subsequent improper and bad faith pooling. Therefore, in making its claim, PYR has put at issue the very thing Samson specifies is at issue in its request for declaratory relief.

## B. The Defendants Fail to State a Claim Upon Which Relief Can Be Granted and Their Request for Declaratory Relief Should Be Dismissed Pursuant to Rule 12(b)(6).

Samson requests declaratory relief pursuant to the Uniform Declaratory Judgment Act at § 37.001 et. seq. of the Texas Civil Practice and Remedies Code (the "Declaratory Judgment Act") and the Federal Declaratory Judgment statute at 28 U.S.C. § 2201 (the "Federal Act").

Under Rule 12(b)(6), Samson's counterclaim requesting declaratory relief should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take the material allegations of the complaint as true and draw all inferences in favor of the nonmoving party. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). In considering a motion to dismiss, "[t]he issue is not whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Heimann v. National Elevator Industry Pension Fund*, 187 F.3d 493, 502 (5th Cir.1999) (court may dismiss a claim under 12(b)(6) only if "it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115 (5th Cir. 1990).

Under Texas law, "[a] counterclaim based on the Declaratory Judgment Act must state a claim for affirmative relief." *Nat'l Enterprise, Inc. v. E.N.E. Properties*, 167 S.W.3d 39, 43 (Tex. App.—Waco 2005, no pet. history) (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990). "A claim for affirmative relief is stated if the counterclaim alleges a cause of action independent of the plaintiff's claim." *Id.* In the instant case, Samson has not stated any claim independent of those previously made by PYR in its Complaint.

It is well established that the Declaratory Judgment Act is not available to settle disputes already pending before a court. *See e.g., Nat'l Enterprise, Inc*, 167 S.W.3d at 43-44 (Tex. App.—Waco 2005, no pet. history)(concluding that counterclaim seeking declaratory judgment action was not permitted as it did not state a claim independent of plaintiff's claim and was merely a recitation of its denial of plaintiff's claims); *Staff Indus., Inc. v. Hallmark Contracting, Inc.*, 846 S.W.2d 542, 547-48 (Tex. App.—Corpus Christi 1993, no writ)(denying counterclaim seeking declaratory judgment concerning amount owed under parties' contract where the plaintiff's claims raised same issue of amount owed under that contract); *Redwine v. AAA Life Ins. Co.*, 852 S.W.2d 10, 17 (Tex. App.—Dallas 1993, no writ)(denying counterclaim seeking declaratory judgment concerning policy coverage as plaintiff's claims raised issue in its request for relief under that same policy); *Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 235-36 (Tex. App.—Dallas 1988, writ denied)(disallowing counterclaim for declaratory judgment action seeking determination of other party's breach of contract and entitlement to certain funds where such counterclaim "merely restates [defendant's] defenses to issues already raised under [plaintiff's] action"); *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594 (Tex. App.—Dallas 1988, writ denied)(determining that counterclaim seeking declaratory judgment action concerning the existence of an agency relationship was not permitted where that same issue was raised by plaintiff's claim for breach of a sales contract). Especially, a declaratory judgment may not be brought simply as a means to recover attorney's fees. *See Nat'l Enterprise, Inc.*, 167 S.W.2d at 44; *Heritage Life Ins. Co.*, 751 S.W.2d at 235-36. In connection with their request for declaratory relief, Samson requested attorney's fees pursuant to Texas Civil Practice and Remedies Code §37.009, which provides in a proceeding under the

Declaratory Judgment Act, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Samson's request involves the same parties and the same dispute as the issue brought before this Court by PYR in its Complaint. Samson's invocation of the Declaratory Judgment Act is a thinly veiled attempt to secure payment of its attorney's fees. Such an attempt is improper under the Texas statute upon which they base their request, and therefore their request for attorney's fees should be dismissed.

As to the Defendants' claim for declaratory relief under federal law, the Federal Act provides for declaratory relief "upon the filing of an appropriate pleading . . . whether or not further relief is or could be sought." 28 U.S.C. § 2201 It is solely within the Court's discretion whether to make use of this remedy. 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 2751 (3d ed. 1998).

Courts have held that "in the absence of an express state policy prohibiting the use of a declaratory judgment action, in our opinion no hard and fast rule can be made for determining the propriety of granting declaratory relief in diversity cases." *Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.,* 521 F.2d 392, 398 (2d Cir. 1975). The *Beacon* court considered a Seventh Circuit case, *Allstate Insurance Co. v. Charneski,* 286 F.2d 238, 244 (7th Cir. 1960), in which, "the district court should have dismissed a complaint by an insurance company seeking declaratory relief with respect to insurance coverage since the Supreme Court of Wisconsin had held that an insurance company may not bring a separate declaratory judgment action under the Wisconsin Uniform Declaratory Judgment Act." *Beacon Constr. Co.,* 521 F.2d at 397. In *Allstate,* the Seventh Circuit "held that the Wisconsin rule represented the substantive policy of

the state and concluded that the federal court could not 'assume jurisdiction in contravention of the declared state policy.'" *Id.* [1]

As is set forth above, the Texas courts have clearly and unequivocally stated that declaratory judgments are not available to settle disputes already pending before a court. This Court's inherent discretion to grant or deny declaratory relief should be guided by the express state policy of Texas prohibiting such relief under the current circumstances.

At a minimum, PYR respectfully requests this Court dismiss Samson's counterclaim for declaratory relief and their request for attorney's fees pursuant to Texas law. Additionally, it asks this Court exercise its discretion and dismiss Samson's counterclaim for declaratory relief grounded in federal law.

### C. In the Alternative, Defendants' Request for Declaratory Relief is Redundant and Should Be Struck from Their Answer Pursuant to Rule 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon a motion, this Court may order stricken "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "[W]hen the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint . . . a party might challenge the counterclaim on the ground that it is redundant and a decision on the merits of the plaintiff's claim will render the request for a declaratory judgment

---

[1] At least one lower court has held contrary: "federal law determines whether or not this Court may properly render a declaratory judgment." *Nationwide Mut. Ins. Co. v. Welker*, 792 F. Supp. 433, 439 (D. Md. 1992). Some courts, acting on dicta in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), stating, "that the declaratory remedy which may be given by the federal courts may not be available in the state courts is immaterial," have held "[t]hat a state (procedural or substantive law) prohibit[ing] a declaratory judgment action within the state courts 'is simply inapposite.'" *Id.*, quoting *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 429, n.7 (D.D.C. 1987). In *Reliable Machine Works, Inc. v. Unger*, it was noted even though "a decision on the merits of the plaintiff's complaint will dispose of the entire controversy," dismissal of the defendant's counterclaim for declaratory judgment was not warranted. 144 F. Supp. 726, 728 (S.D.N.Y. 1956).

moot." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 1406 (2d ed. 1990)

As is set forth above, Samson has failed in their counterclaim to allege any new claims against PYR. Instead, paragraph 74 of their Answer simply restates the controversy presented to this Court in PYR's Complaint. PYR requests this Court to order paragraph 74 be struck from Samson's Answer. Additionally, as paragraph 75 of the Answer, Samson's request for attorney's fees pursuant to Texas Civil Practice and Remedies Code § 37.009 pertains to declaratory judgments, once paragraph 74 is struck, paragraph 75 would become immaterial to the pleading. PYR therefore requests this Court to order paragraph 75 also be struck from the Answer.

WHEREFORE, PYR respectfully requests that the Court grant PYR's motion to dismiss Samson's counterclaim, or in the alternative, to strike Samson's request for declaratory relief from their Answer.

DATED: September 19, 2005

Respectfully submitted,

*s/ Robert P. Thibault*

Robert P. Thibault
Texas Bar No. 19833800
Marci M. Fulton
Colorado Bar No. 35895
Patton Boggs LLP
1660 Lincoln Street, Suite 1900
Denver, Colorado 80264
(303) 830-1776
(303) 894-9239 (Facsimile)
rthibault@pattonboggs.com

Brent S. Bastian
Texas Bar No. 24045459
PATTON BOGGS LLP

2001 Ross Avenue
Suite 3000
Dallas, TX 75201
Phone: (214) 758-1500

Jesse R. Pierce
Texas Bar No. 15995400
Jessica P. Wannemacher
Texas Bar No. 24013711
HOWERY LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Phone: (713) 654-7602

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2005, I electronically filed the foregoing APPLICATION FOR TEMPORARY RESTRAINING ORDER AND, IN THE ALTERNATIVE, PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    mccarrington@mehaffeyweber.com
    jesse.r.pierce@howrey.com

and I hereby certify that I have mailed or served the document or paper to the following non CM-ECF participants in the manner indicated by the non-participant's name:

Dick Watt
WATT, BECKWORTH, THOMPSON
& HENNEMAN, LLP
1010 Lamar Street, Suite 1600
Houston, TX 77002

                                                s/ Robert P. Thibault