# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **PYR ENERGY CORPORATION** | § | |
| | § | |
| **V.** | § | **1:05-CV-530** |
| | § | |
| **SAMSON RESOURCES COMPANY** | § | |
| **and SAMSON LONE STAR** | § | |
| **LIMITED PARTNERSHIP** | § | |

### MEMORANDUM OPINION AND ORDER RE
### SAMSON'S PRIVILEGE LOG AND PYR'S MOTION FOR SANCTIONS

When addressing an earlier discovery dispute, the court partially granted PYR's motion to compel, and otherwise ordered Samson to file a privilege log regarding documents allegedly protected by the attorney-client privilege.  See Docket No. 84 (March 30, 2006).  Samson's privilege log eventually was filed but mis-labeled as a "Motion for Discovery."  Docket No. 115.  PYR, contending that Samson's privilege log is inadequate and non-compliant with the court's order, moves for sanctions and requests the court to either enter default judgment in PYR's favor, strike Samson's defenses, limit Samson's ability to introduce evidence at trial, or deem waived any asserted privilege in documents responsive to the relevant discovery requests.  See "Motion for Sanctions," Docket No. 102.

This memorandum and order resolve the current dispute over the privilege log and documents that Samson seeks to shield by virtue of attorney-client privilege.

## I.  ORDER TO PRODUCE PRIVILEGE LOG

Rule 26(b)(5), Federal Rules of Civil Procedure, requires that parties who withhold otherwise discoverable information on a claim of privilege automatically give notice thereof and describe the nature of the documents, communications or things not produced or disclosed "in a manner that, without revealing information itself privileged, will enable other parties to assess the applicability of the privilege or protection." Implementing Rule 26(b)(5), the court's March 30, 2006, order directed that Samson's privilege log be filed by May 8, 2006, and *at a minimum and without limitation*, identify:

  a.  date of the document(s) claimed to be privileged;
  b.  type of document(s) and length;
  c.  author and the recipient of the document(s);
  d.  general subject matter of the document(s);
  e.  privilege asserted for each document(s);
  f.  explanation as to why the privilege is applicable with enough specificity to allow plaintiff to determine whether to object to the privilege asserted.

The order further directed Samson to produce for *in camera* review all documents claimed to be privileged. Finally, the order notified Samson that if it failed to comply with the order, the court would deem any claimed privilege as waived.

## II.   Samson's Privilege Log

Samson failed to comply with either Rule 26 or the court's order in numerous respects.  First, the purported privilege log was filed more than two weeks past the deadline, and then only after twice being prompted by the court, at hearings on May 10th and again on May 22nd.  Second, the late-filed log was incomplete.  It was not supplemented until six weeks past the deadline.  Third, the log does not identify all recipients of the documents; the "general description" of the subject matter is so vague and oblique as to be meaningless; and there is no proffered justification for the assertion of any claim of privilege.

Additional and glaring deficiencies were identified during the court's subsequent *in camera* review.  On the log, many documents list only one e-mail recipient.  The e-mail, however, clearly was sent to multiple people.  Some documents even were sent to third parties, e.g., Mr. Ames, an employee of Venus.  Several documents filed under seal as privileged, but were not identified in the log.  Other documents filed under seal simply were not the documents purportedly identified by the log.

## III.   Discussion

PYR's sanctions motion and objections to the privilege log identified many of the deficiencies noted above.  Yet, Samson has taken no efforts to correct the deficiencies or to produce and disclose documents during the intervening seven

months since PYR's motion was filed.  Accordingly, the court agrees with PYR that Samson's disregard of the Federal Rules of Civil Procedure and of this court's explicit order subjects Samson to an appropriate sanction for failure to make disclosures and cooperate in discovery.

Generally, a court has broad authority to fashion sanctions for failure to comply with discovery orders.  See Chilcutt v. U.S., 4 F.3d 1313, 1320 (5th Cir. 1993).  A court "may make such orders in regard to the failure as is just."  See id. at 1320-21; Ins. Corp. Of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S.694, 707 (1982).

When sanctionable conduct occurs in the context of withholding allegedly privileged or protected materials, the advisory committee note to Federal Rule 26(b)(5) states that "[t]o withhold materials without such notice [sufficient to enable other parties to assess the applicability of the privilege or protection] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and *may be viewed as a waiver of the privilege or protection*."  Fed. R. Civ. Pro. 26 advisory committee's note (1993) (emphasis added).  The court's March 30, 2006, order gave Samson a more direct and firm warning to the same effect.

The court finds that Samson's nearly wholesale and persistent failure to comply with the court's order warrants the sanction of deeming any privilege waived as to many documents in the log.  However, all sanctions must be just, and the court finds

waiver of privilege to be unjust with respect to certain documents that are at the core

of the attorney-client privilege.


It is therefore **ORDERED**:

1.     Samson's privilege log ("Motion for Discovery," Docket No. 115) is **DENIED** except with respect to documents 34, 35, 36, 39, 43, 48, 49, 50, 51, 52, 55, 56, 57, 60, 83.

2.     PYR's "Motion for Sanctions" (Docket No. 102) is **GRANTED** in part. Samson's asserted privilege is deemed waived for all remaining documents listed on its privilege log or submitted for *in camera* inspection without being listed.

3.     Samson shall produce to PYR's counsel all documents referred to in paragraph 2, above, on or before. . . . . . . . . . . . . . . **February 20, 2007.**

4.     All other relief not specifically granted is **DENIED**.


SIGNED this   7   day of February, 2007.



_____
Earl S. Hines
United States Magistrate Judge