IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PYR ENERGY CORPORATION | § | |
| | § | |
| V. | § | 1:05-CV-530 |
| | § | |
| SAMSON RESOURCES COMPANY | § | |
| and SAMSON LONE STAR | § | |
| LIMITED PARTNERSHIP | § | |

## MEMORANDUM AND ORDER

Defendants' opposed "Motion for a Certificate of Appealability" seeks an immediate appeal to the Fifth Circuit from the court's interlocutory orders regarding two issues that defendants characterize as controlling questions of law.[1]  Oral arguments were presented on March 9, 2007.  After considering the motion and the parties' written and oral arguments, the court concludes that the motion should be denied for reasons stated herein.

---

[1]  Question one is "whether, either by the terms of the Venus-Samson PSA or the rule of Construction found in <u>Union Pacific Resources Co. V. Hutchison</u>, Samson was authorized to pool [PYR's] interests, or reduce them proportionate to unit participation?".  Question two is "does the exculpatory provision of the joint operating agreement here apply, and if it does, is Samson entitled to summary judgment on the 'bad faith' pooling claim, or did PYR produce sufficient evidence of gross negligence and willful misconduct under the standards required by Texas law to establish a fact issue, and did the court err in overruling Samson's motion for partial summary judgment on this basis?".

When authorizing an immediate appeal from an interlocutory order, the trial judge must be of the opinion that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  The issues articulated in defendants' motion certainly are important, and there is a substantial ground for difference of opinion regarding them.  However, as plaintiff argues, the first proposed issue may not be legally controlling because as a question of contract interpretation, it is a mixed issue of law and fact that is not appropriate for an immediate appeal.  The second proposed issue is inappropriate for an immediate appeal by *defendants* because it was decided in their favor on the legal point regarding standard of proof.[2]

Equally, if not more important, an immediate appeal likely will not materially advance ultimate termination of this litigation.  First, jury findings favorable to defendants' on (a) their counterclaim for contract reformation or (b) plaintiff's claim for breach of contract for Samson's failure to exclude unproductive acreage or to account to nonoperators only on the basis of productive acreage may effectively moot the proposed appeal.  Second, as the court previously observed, an appeal of the unsettled questions of state law involved in this case may involve not only the Fifth Circuit Court of Appeals but also the Supreme Court of Texas.  See PYR Energy

---

[2] Defendants' "no evidence" motion for summary judgment on plaintiff's breach of contract claim was denied not on its merits but as procedurally premature due to lack of adequate opportunity for discovery by plaintiffs.

<u>Corp. v. Samson Resources Co.</u>, ___ F.Supp.2d ___, ___, 2007 WL 106169 at *3 (E.D. Tex. 2007).  Therefore, even an interlocutory appeal may involve proceedings of extraordinary length.  Given this foreseeable circumstance, the relative imminence of a plenary trial, and the possibility of jury fact findings that will dispose of the matter on other grounds, the better course is not to stay proceedings, but rather proceed to trial so that the appellate court can deal with the entire case as a complete package, rather than piecemeal.  It is therefore

**ORDERED** that defendants' "Motion for a Certificate of Appealability" (Docket No. 176) is **DENIED**.

SIGNED this __16__ day of March, 2007.

_____
Earl S. Hines
United States Magistrate Judge